IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SHIRLEY C. LEWIS,**

    **Plaintiff,**

v.                                     Civil Case No. _____

**FOOD LION, LLC,**

    **Defendant.**

**SERVE:**    **Food Lion, LLC**
             **c/o Corporation Service Company, Registered Agent**
             **100 Shockoe Slip, Fl 2**
             **Richmond, VA 23219**

## COMPLAINT

COMES NOW the Plaintiff, SHIRLEY C. LEWIS, by counsel, and moves for judgment against the Defendant, FOOD LION, LLC, on the grounds and in the amount as hereinafter set forth:

1. This Court has jurisdiction over this action under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as all or a substantial portion of the events giving rise to this claim occurred in the Eastern District of Virginia, specifically Portsmouth, Virginia.

3. Plaintiff is a resident of Portsmouth, Virginia.

4. Defendant Food Lion, LLC is a North Carolina Limited Liability Company with its principal place of business in Salisbury, North Carolina doing business in the Commonwealth of Virginia and, more specifically, in the City of Portsmouth, Virginia.

5. Food Lion, LLC owns and operates a grocery store located at 5734 Churchland Boulevard in the City of Portsmouth, Virginia (hereinafter "the grocery store").

6. On or about July 17, 2019, the Plaintiff, Shirley C. Lewis, was lawfully upon the premises of the grocery store as a business invitee of the Defendant.

7. While a business invitee on the premises of the grocery store on the above date, the Plaintiff attempted to remove a package of ice cream from a shelf in a freezer in the frozen food section when a shelf fell on her arm.

8. Plaintiff, as an invitee, had the right to assume the premises were reasonably safe for her visit.

9. The Defendant, as owner and operator of the grocery store, owed a duty of care to all invitees, including the Plaintiff, to have the grocery store premises in a reasonably safe condition for their use.

10. The Defendant, as owner and operator of the grocery store, owed a duty of care to all invitees, including the Plaintiff, to keep the grocery store premises free from dangerous conditions and hazards which it knew or should have known existed.

11. Upon information and belief, the Defendant knew or should have known that the shelf was not secure.

12. The accident that occurred, to-wit: the shelf in the freezer falling on the Plaintiff, is a type of accident that would not normally have occurred if the Defendant had used ordinary care to install, inspect, and maintain the freezer, including the shelves therein.

13. The freezer, including the shelves therein, was under the exclusive control of the Defendant at all times leading up to the incident described herein.

14. The defendant had, or should have had, exclusive knowledge of the way in which

the freezer, and the shelves therein, was/were installed, inspected, maintained, and used.

15. Defendant was careless and negligent in permitting its premises, specifically the aforesaid freezer, to remain in a hazardous and dangerous condition, to wit: allowing the shelf to be not adequately maintained and secured.

16. The Defendant was negligent in that it failed to keep its premises in a reasonably safe condition for the Plaintiff's use.

17. It was or should have been foreseeable to the Defendant that someone would be injured as a result of the aforementioned hazardous and dangerous condition of its freezer.

18. That Defendant failed to warn the Plaintiff of the hazardous and dangerous condition of the freezer then and there existing.

19. The negligence on the part of the Defendant constituted a direct and proximate cause of the accident, damages, and injuries suffered by the Plaintiff.

20. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to sustain serious and permanent injuries; has been prevented from transacting her business and her household duties; has suffered and will continue to suffer great pain of body and mind; has lost wages from her gainful employment; and has incurred and will incur in the future hospital, doctors' and other medical and related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of TWO-HUNDRED FIFTY-THOUSAND DOLLARS ($250,000.00) and her costs in this behalf expended all with prejudgment interest from July 17, 2019, and post-judgment interest as allowed by law and any other relief as the Court deems appropriate in this action.

**TRIAL BY JURY IS HEREBY DEMANDED**

**SHIRLEY C. LEWIS**


By: _____/s/_____
Richard H. Roston, Esq. (VSB# 41856)
*Attorney for Shirley C. Lewis, Plaintiff*
Joannou and Associates, P.C.
709 Court Street
Portsmouth, Virginia 23704
Office: (757) 399-1700
Facsimile: (757) 397-6624
rroston@joannoulaw.com